Caterina Victoria Desmidt, petitioner-appellant,

*v.*

Emile Desmidt, defendant-respondent.

[Submitted February term, 1941. Decided May 20th, 1941.]

24

*Mr. Sylvan S. Cohen,* for the petitioner-appellant.

*Mr. Dominick J. Marchilto,* for the defendant-respondent.

The opinion of the court was delivered by

WELLS, J.

This is the wife's appeal from a decree dismissing her petition for a divorce from her husband.

The original petition was filed November 29th, 1939, in which the petitioner charged that her husband had, since the

marriage, April 6th, 1907, at various times and at various places named in the petition, committed adultery with a woman kown by the name of both "Mrs. Desmidt" and "Mrs. Herbel;" and that he committed adultery at various times and at various places and with various women whose names were unknown to petitioner.

Defendant filed an answer specifically denying the allegations of adultery set forth in the petition and denying committing adultery with any person at any other time or place. On the second and final day of the hearing (July 16th, 1940), which was a month after the first day of the hearing, petitioner filed, with the consent of defendant, an amendment to the petition charging that defendant committed adultery since his marriage to petitioner at various times up to the year 1930, and during that year or during the year 1929, defendant suffered from a venereal disease which he had contracted as a result of an adulterous act committed some time prior thereto; that the places at which and the names of the woman or women with whom such acts of adultery were committed were unknown to petitioner.

To the amendment to the petition, defendant filed no answer but the case proceeded without objection before the learned advisory master.

In his conclusions, which were marked "not for publication in any report," Advisory Master Stanton, beginning at page 119 of the state of the case, gives a resume of the testimony. It will suffice here to briefly state such facts only as are germane to the issues involved in this appeal. Petitioner testified that she separated from her husband in 1934 "because he got a disease off some woman" in 1930 (the year is apparently 1929); that she took him to one Dr. Schuck for treatment and was herself examined by the same physician and declared to be free of the disease; that defendant went to Belgium, his birthplace, in June or July for further treatment (defendant says he went to attend a fair), and upon his return a few months later, she had him examined again by Dr. Schuck, who reported him cured. She, however, wanted him to be examined by another physician for confirmation but he refused; that she did not live with defendant as man

and wife after the discovery of his disease. Dr. Schuck, called as a witness, had no personal recollection of the case. Testifying from his records, he stated that he first examined defendant on October 19th, 1929, and found him infected with gonorrhea; that he treated him until the middle of December, 1929; that he also examined petitioner and "her test was negative to venereal infection." The physician testified that gonorrhea is contracted by contact with an infected person.

Defendant did not deny that he was infected with this disease in October, 1929, but said he didn't know what was the matter and explained to his wife "where he thought he got it from" and she said—"well, come on we had better go to see the doctor."

Defendant testified that he was treated by Dr. Schuck perhaps on six occasions, and that his wife always accompanied him to the physician's office, that upon his return from Belgium where he said he went to attend a fair or exposition, and not for further treatment as stated by petitioner, he continued to live with his wife until about 1934, and during that time they lived together as man and wife.

Robert Desmidt, son of the parties, aged thirty-three, was called as a witness by petitioner to corroborate her testimony as to residence. He said that he had lived with the parties until they separated in 1934. He was not asked, however, to corroborate petitioner as to her cohabitation with defendant during the period 1929-1934.

There was offered in evidence a separation agreement dated July 18th, 1934, duly executed between the parties. The husband acknowledged in the agreement that the cause of the separation was brought about by his own acts and deeds. The agreement does not specify what those acts or deeds were, nor were they referred to in the testimony.

The learned advisory master found that the proofs established that the defendant contracted a venereal disease in 1929 from an adulterous relation, but that the petitioner condoned the offense.

The testimony as to the marital relationship from the time of the discovery of the husband's infection in 1929 to June

18th, 1934, during which time they admittedly occupied the same house, is meagre and conflicting; she denying and he asserting cohabitation. There was no other testimony directly bearing on the question.

In *Stevens* v. *Stevens, 14 N. J. Eq. 374,* it was held that when it appears that the wife has continued to live with the husband after the offense charged is proved to have been committed, there should be facts or circumstances to show that the offense has not been condoned. Where married parties continue to live in the same house, the presumption will be drawn that they have engaged in sexual relations. *Marsh* v. *Marsh, 13 N. J. Eq. 281; Jimenez* v. *Jimenez, 93 N. J. Eq. 257.*

Counsel for petitioner says that the statement of the advisory master that petitioner had condoned the offense, coming at the close of the case, was the first reference made to condonation throughout the entire proceeding; that the defense of condonation was not pleaded by the defendant; and that our courts have held repeatedly that the defense of condonation is an affirmative one and as such must be pleaded and proved; that "in actions for divorce, the court cannot give the defendant the benefit of any defense not set up in his or her answer," citing *Fuller* v. *Fuller, 41 N. J. Eq. 198; Wallace* v. *Wallace, 112 N. J. Eq. 292; Burke* v. *Burke, 113 N. J. Eq. 77; Warner* v. *Warner, 31 N. J. Eq. 225.*

But, says appellant, assuming that there were some proof indicating condonation and that defendant might take advantage of it without pleading it as a defense, nevertheless he failed to carry the burden of proof necessary to sustain it. In support of this, appellant cites *Greims* v. *Greims, 80 N. J. Eq. 233; 83 Atl. Rep. 1001,* wherein this court (at *p. 234*), said:

"It is well settled that condonation is a conclusion of fact, and not of law, and must be proved by the defendant, and the burden of proof is upon the defendant. *Graham* v. *Graham, 50 N. J. Eq. 701-706; Goeger* v. *Goeger, 59 N. J. Eq. 15, 16; Hann* v. *Hann, 58 N. J. Eq. 211 * * *."

We agree that the general rule is that in divorce the defense of condonation is not available unless pleaded and that ordi-

narily the burden of proving an affirmative defense is on· the one who asserts it. *Rich* v. *Rich, 109 N. J. Eq. 216; Lever* v. *Lever, 85 N. J. Eq. 345; affirmed, Id. 596.*

The purpose of the rule is to apprise the party against whom the plea of condonation is interposed of what he has to meet so that he may be prepared to meet it.

An examination of the record shows, as stated before, that not until the last day of the hearing did the petitioner amend her petition to include the offense in question. It was the petitioner who, on her direct examination, brought out the fact that she and the defendant had lived together in the same house during the four and one-half year period between her discovery of her husband's infection and the separation, without indulging in sexual intercourse. This testimony was obviously offered in anticipation of the defense of condonation. Petitioner was in no respect surprised or harmed by the failure of defendant to file an answer setting up condonation. Without objection, defendant was permitted to testify in rebuttal that during that period of time petitioner and he had lived together as man and wife.

In *Warner* v. *Warner, 31 N. J. Eq. 225,* cited by appellant, *supra,* to show that condonation must be pleaded, the Vice-Chancellor said (at *p. 226*) :

"While it is clear the defendant cannot, in the present condition of the pleadings, avail himself of the defense of condonation, it does not follow that a decree must be pronounced contrary to truth and the very right of the case. Courts of equity do not permit truth and right to be sacrificed to preserve form, nor allow justice to be defeated, and wrong to triumph, on a mere mistake or unskillfulness in pleading. If necessary to the accomplishment of justice, the court may yet permit this defense to be interposed by supplemental answer, upon such terms as will afford the complainant a full opportunity to be heard in disproof of it."

That course, however, is not necessary to the accomplishment of justice in the instant case. Here the failure to file an answer to the amendment to the petition was manifestly an oversight and caused by petitioner's delay in filing the amendment. Here the case was fully tried on the merits as

if an answer had been filed, and without any objections being raised to lack of pleadings.

As to the contention of the petitioner that the burden of showing the defense of condonation is on the defendant and that the defense must be corroborated, we think that defendant has sustained this burden as follows: First, defendant's testimony rebutted petitioner's testimony as to cohabitation; second, by the presumption of sexual relations arising from four and a half years of living together in the same house; third, by the separation agreement, from the execution of which it could be inferred that the wife had no cause of action against defendant at that time, legally justifying her leaving him; fourth, by the delay of more than ten years in bringing her charge; fifth, by not including the charge in her petition until her case was almost completed, indicating it was an afterthought.

We think that the advisory master properly found for the defendant on the charge set forth in the amended petition.

With respect to the charge of adultery alleged in the original petition involving Mrs. Herbel, the proofs were that the defendant had boarded with her at several places, from May 22d, 1937, until sometime after December, 1939; that he had paid the rent of $40 per month in lieu of board; that Mrs. Herbel's two grown-up sons lived in the same house with defendant and their mother, and they testified that the relationship between Mrs. Herbel and defendant was that of landlady and boarder and that there was no impropriety in their conduct toward each other. There was testimony that some people called her "Mrs. Desmidt" in defendant's presence and that neither he nor she had denied it; that he had occasionally walked out with her and taken her for an automobile ride. Some other testimony was offered for the purpose of showing a more friendly relationship than that of landlady and boarder. Defendant denied that Mrs. Herbel ever used the name of "Desmidt" or that she was referred to as such in his presence. Mrs. Herbel likewise denied holding herself out as "Mrs. Desmidt;" and defendant offered in evidence, numerous receipts for gas and electric service and merchandise in the name of Mrs. Herbel, during the period

that defendant boarded with her. They both denied having any improper relations one with the other.

The advisory master found that there was abundant opportunity for commission of adultery but that there was no evidence whatever in the case of any amorous inclination of defendant toward Mrs. Herbel.

We have held in numerous cases, among which is *Torrens* v. *Torrens, 94 N. J. Eq. 480,* that although there is an abundance of proof of opportunity to commit the offense of adultery, nevertheless the lack of proof of any desire or inclination to do so would preclude the petitioner from obtaining a divorce on the ground of adultery.

The issue on this phase of the case is entirely factual. It would serve no useful purpose to further recite the facts. It is unnecessary to cite cases to the effect that this court does not lightly disturb factual findings of the lower tribunal.

We have carefully examined the proofs and find that the advisory master was fully justified in concluding that petitioner failed to prove that defendant was guilty of adultery with Mrs. Herbel.

Having failed to establish either charge alleged by petitioner in her petition, we are of the opinion that the petition was properly dismissed.

The decree is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 12.

*For reversal*—CASE, BODINE, DONGES, JJ. 3.